HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PUGET SOUNDKEEPER ALLIANCE, a non-profit corporation,

Plaintiff,

v.

URBAN ACCESSORIES, INC.,

Defendant.

No. C07-5423BHS

CONSENT DECREE

WHEREAS, Plaintiff Puget Soundkeeper Alliance filed a Complaint against Defendant Urban Accessories, Inc. on May 1, 2008, and filed a First Amended Complaint against Defendant on February 13, 2008, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility located in Tacoma, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs;

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations; and

CONSENT DECREE - 1
No. C07-5423BHS

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act at its facility and to address issues raised in the notices of intent to sue served by Plaintiff; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint and First Amended Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action;

2. The undersigned representative for each party certifies that he is fully authorized by the party or parties whom he represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and upon

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

the successors and assigns of the parties.

4. This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 465 East 15th Street, Tacoma, Washington (the "facility").

5. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint and First Amended Complaint in this case and all other claims known and unknown existing as of the date of entry of this Consent Decree, related to stormwater discharges that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the facility identified in paragraph 4 of this Consent Decree.

6. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint and First Amended Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint and First Amended Complaint, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7. In full and complete satisfaction of the claims covered by the Complaint and First Amended Complaint filed in this case and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

    a. Defendant agrees to fully comply with the terms of the State of Washington Industrial Stormwater General Permit, and any successor, modified, or replacement permit (collectively, the "NPDES permit").

    b. Defendant agrees that by the effective date of this agreement, it will commence work with a stormwater consultant to increase compliance with the NPDES permit at the facility.

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

c. Defendant shall instruct the stormwater consultant to prepare an engineering report by June 30, 2008, and forward it without cost to the Plaintiff by that date as well. The engineering report shall address the following issues:

i. The report shall identify options for further reducing pollutants in Defendant's stormwater discharge through increased BMPs, and shall also identify options for stopping stormwater discharges from the facility. This report shall include, but is not limited to, the following subjects: determine how water from the paved parking area could be redirected to another part of the property for infiltration; determine whether any regrading of the property will be necessary; address changing the current sandbag berms into permanent berms; determine the volume of and contaminants contained in stormwater inflows from the adjacent former TEMTCO property, which is located to the northeast of the facility, and any additional BMPs necessary to address these inflows; and determine the volume of and contaminants contained in stormwater inflows from the area where the waste pile was previously located, which is just southwest of the facility's parking area, and any BMPs necessary to address these inflows. Defendant agrees to either implement the reasonable stormwater control option(s) described by this engineering report for further reducing pollutants in its stormwater discharge through increased BMPs, or to implement the reasonable stormwater control options described by this engineering report for stopping stormwater discharges from the facility, by September 15, 2008. However, if the engineering report recommends BMPs which require a longer schedule to fully implement, then Urban Accessories shall follow the implementation schedule.

ii. The engineering report shall also address the current stormwater collection area, which is located on the north side of the property and shown in the right hand side of the photograph attached as **Attachment A** to this Decree. Regarding this stormwater

CONSENT DECREE - 4
No. C07-5423BHS

collection area, the report shall: determine its ability to hold specified quantities of stormwater; determine its ability to hold specified quantities of stormwater during 24-hour storm events; determine the size and stability of the current berm; and determine the scope of any improvements that should be made to the pond and the berm so that they meet engineering standards for holding the expected volume of stormwater. Defendant agrees to implement the reasonable recommendations of the stormwater consultant regarding the stormwater holding pond by September 15, 2008.

    iii. The engineering report shall also include options for improved storage and containment of the black sand stored on the southwest side of the property and shown in the photograph attached as **Attachment B** to this Decree. The engineering report shall describe containment options that include full coverage from the top and sides, and berming. Defendant agrees to select an option described in the engineering report for increased containment of the black sand and to implement that option by September 15, 2008.

  d. Defendant shall, with the assistance of its stormwater consultant, revise its Stormwater Pollution Prevention Plan ("SWPPP") as necessary so that it complies with Condition S9 of the current permit. The SWPPP shall be revised by June 30, 2008, and forwarded to Plaintiff by that date.

  e. Defendant shall, for a period of three years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic communications between Defendant and the Washington Department of Ecology concerning stormwater management, stormwater discharges, and stormwater permitting relating to Defendant's facility. All copies and documentation shall be forwarded to Plaintiff on a quarterly

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

basis and not later than the twentieth day following the end of each calendar quarter, at no cost to Plaintiff.

8. Defendant shall make a payment in the amount of $ 25,000 (TWENTY FIVE THOUSAND DOLLARS) to Environmental Coalition of South Seattle's Pierce County Stormwater Initiative project that is described in **Attachment C** to this Decree. Such payment shall be made according to the following schedule: on or by February 15, 2009, Defendant shall make a payment of $250.00 (TWO HUNDRED AND FIFTY DOLLARS); on or by March 15, 2009, Defendant shall make a payment of $4,125.00 (FOUR THOUSAND ONE HUNDRED AND TWENTY FIVE DOLLARS); on or by April 15, 2009, Defendant shall make a payment of $4,125.00 (FOUR THOUSAND ONE HUNDRED AND TWENTY FIVE DOLLARS); on or by May 15, 2009, Defendant shall make a payment of $4,125.00 (FOUR THOUSAND ONE HUNDRED AND TWENTY FIVE DOLLARS); on or by June 15, 2009, Defendant shall make a payment of $4,125.00 (FOUR THOUSAND ONE HUNDRED AND TWENTY FIVE DOLLARS); on or by July 15, 2009, Defendant shall make a payment of $4,125.00 (FOUR THOUSAND ONE HUNDRED AND TWENTY FIVE DOLLARS); and on or by August 15, 2009, Defendant shall make a payment of $4,125.00 (FOUR THOUSAND ONE HUNDRED AND TWENTY FIVE DOLLARS). Each payment shall be made by check payable to Environmental Coalition of South Seattle and shall bear the notation of "Puget Soundkeeper Alliance v. Urban Accessories, Inc.", and shall be mailed to Environmental Coalition of South Seattle, 8201 10th Avenue S., Seattle, WA 98108, with a copy mailed simultaneously to Plaintiff.

9. Defendant shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of $30,000 (THIRTY THOUSAND DOLLARS). Defendant shall pay this amount according to the following schedule: on or by September 15, 2008, Defendant shall make a

CONSENT DECREE - 6
No. C07-5423BHS

payment in the amount of $9,625.00 (NINE THOUSAND SIX HUNDRED AND TWENTY FIVE DOLLARS); on or by October 15, 2008, Defendant shall make a payment of $4,125.00 (FOUR THOUSAND ONE HUNDRED AND TWENTY FIVE DOLLARS); on or by November 15, 2008, Defendant shall make a payment of $4,125.00 (FOUR THOUSAND ONE HUNDRED AND TWENTY FIVE DOLLARS); on or by December 15, 2008, Defendant shall make a payment of $4,125.00 (FOUR THOUSAND ONE HUNDRED AND TWENTY FIVE DOLARS); on or by January 15, 2009, Defendant shall make a payment of $4,125.00 (FOUR THOUSAND ONE HUNDRED AND TWENTY FIVE DOLLARS); on or by February 15, 2009, Defendant shall make a payment of $3,875.00 (THREE THOUSAND EIGHT HUNDRED AND SEVENTY FIVE DOLLARS). Each payment required by this paragraph shall be made by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith. The payments described in this paragraph shall be in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

10. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the court.

11. The parties recognize that no consent judgment can be entered in a Clean Water

Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

12. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate three (3) years and sixty (60) days following its effective date.

13. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

14. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Puget Soundkeeper Alliance, 5309 Shilshole Ave. NW, Suite 215, Seattle, WA 98107. Notifications required by this Decree to be made to Defendant shall be mailed to: Urban Accessories, Inc., 465 East 15th Street, Tacoma, WA, 98421.

Dated and entered this ___ day of _____, 2008

_____
BENJAMIN H. SETTLE
UNITED STATES DISTRICT JUDGE

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

PUGET SOUNDKEEPER ALLIANCE

Signature: _____

Title: Executive Vice President

Dated: 7/7/08

URBAN ACCESSORIES, INC.

Signature: _____

Title: President

Dated: 6/26/08

CONSENT DECREE - 9
No. C07-5423BHS

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

ATTACHMENT A



ATTACHMENT B





**Environmental Coalition of South Seattle**

A 501 (c) (3) Non-Profit Organization

*Providing Environmental Education and Assistance to Businesses and Communities in the Puget Sound Region*

June 23, 2008

U.S. Department of Justice
P.O. Box 4390
Ben Franklin Station
Washington, DC 20044-4390

To Whom It May Concern:

On behalf of all here at the Environmental Coalition of South Seattle, we would like to extend our appreciation to the Department of Justice for the $25,000 award to assist our stormwater pollution prevention efforts in Pierce County.

Stormwater from roads, parking lots and businesses carries nearly 8 million gallons of petroleum into Puget Sound every year. This does not include other toxic contaminants such as, pesticides, mercury, and PCB's that are also discharged to Puget Sound by stormwater.

ECOSS will carry out a strategic stormwater pollution prevention campaign in Pierce County. Focusing on businesses with NPDES Industrial Stormwater General Permits (ISWGP), our program will conduct outreach to businesses and provide free education and technical assistance to encourage compliance with their permit requirements.

Environmental Coalition of South Seattle (ECOSS) has reviewed the draft consent decree in the matter of Puget Soundkeeper Alliance v. Urban Accessories, Inc. and will review the final consent decree once entered by the Court. ECOSS has agreed to accept $25,000 from Urban Accessories, Inc. as part of the settlement in the above-referenced matter, and will use such funds for its Pierce County Stormwater Initiative Project. ECOSS will not use any money it receives under the consent decree for political lobbying activities. ECOSS will submit a letter to the Court, Department of Justice, and the parties, describing how the funds have been spent.

ECOSS is a 501(c) 3 entity identified by the following tax id number: 91-1613460. Again, thank you for this opportunity and helping us build a more healthy and sustainable Puget Sound.

Sincerely,

*[signature]*

Kevin Burrell
Executive Director

8201 10th Ave. South
Seattle WA 98108-4449

Phone (206) 767-0432
Fax (206) 767-0203

Website www.ecoss.org
Email ecoss@ecoss.org

**Project Title**     **Pierce County Stormwater Initiative**
Applicant Organization    Environmental Coalition of South Seattle (ECOSS)

Mission Statement
ECOSS is a non-profit organization working with Puget Sound businesses and neighborhoods for an environmentally responsible community. ECOSS provides environmentally-oriented education, technical resources and other services. We serve as a voice for the community on issues that encourage a clean environment and urban redevelopment.

| | |
|---|---|
| Contact/Title | Jordon McEntire / Fund Development |
| Mailing address | 8201 10th Ave S |
| | Seattle, WA 98108 |
| Phone number | 206 767 0432 |
| Email address | jordon@ecoss.org |
| Web site address | www.ecoss.org |

| | |
|---|---|
| Organization Budget for 2008 | $849,000 |
| Amount requested | $25,000 |
| 501(c)(3) Status | 91-1613460 |

## Project summary

ECOSS seeks funding to carry out a strategic stormwater pollution prevention campaign in Pierce County. Focusing on businesses with NPDES Industrial Stormwater General Permits (ISWGP), our program will conduct outreach to businesses and provide free education and technical assistance to encourage compliance with their permit requirements.

Generally, most ISWGP facilities have implemented a Stormwater Pollution Prevention Plan (SWPPP), a sampling and monitoring plan, and associated best management practices at their facilities. However, many businesses don't have staff or resources to closely monitor the permit requirements. As a result, businesses struggle to stay up to date with documentation and recordkeeping or are unable to meet their benchmarks for sampling due to poor housekeeping or other factors. And even more pressing, some businesses are simply unaware they are not meeting their permit requirements.

The Washington State Department of Ecology has made commendable efforts to work with businesses in addressing their contaminated stormwater runoff. However, with limited resources in the area and still occupying the role as a regulatory agency, Ecology faces obstacles in helping businesses achieve compliance.

Founded in 1994 to be a nexus between government and the business community, ECOSS is in excellent position to help ISWGP facilities achieve stormwater compliance. Acting as a free and confidential resource, ECOSS has been helping Puget Sound businesses reduce their contaminated stormwater runoff since 2000.

## Project Overview

Goals
Long Term Goal: Improve water quality in Puget Sound
Short Term Goal: Increase compliance among Pierce County NPDES ISWGP facilities

Primary Objectives

1

- Provide free and confidential education and technical assistance to businesses with ISWGP in Pierce County and help them achieve compliance
- Explore and develop a referral network with Ecology inspection staff so that when newly identified facilities are asked to obtain an ISWGP, ECOSS can get them started and/or refer them to a list of qualified consultants

Timetable

| Date | Activity | Outcome |
|---|---|---|
| Quarter 1 | Identify businesses and design outreach plan using GIS analysis | Maps and database of key ISWGP facilities |
| Quarter 1 | Explore collaborative approach with Ecology inspection staff to better serve existing and new permitted facilities | Increased leverage and legitimacy to carry out program |
| Quarter 1 | Compose and mail introductory letter to priority businesses identified | Letters and post cards to businesses encouraging participation in the program |
| Quarter 2-4 | Launch direct outreach effort to businesses<br>- Develop marketing materials<br>- Leverage peer-to-peer relationships with early participants and other key businesses<br>- Provide technical assistance<br>- Create a Implementation Schedule or Task List for participating businesses<br>- Follow up | Increased compliance or pathway to compliance |
| Quarter 3-4 | Evaluation | A catalogue of business testimonials and details of individual site modifications |

### Funding Priorities
Currently this is a one year project with potential to be carried out a second year. If requested amount is partially funded, ECOSS will reduce the target number of businesses.

Project Budget

|  |  | Funding Request | ECOSS |
|---|---|---|---|
| **Labor** |  | $ 21,072.00 | $ 3,600.00 |
| **Materials** |  |  |  |
| Marketing Materials |  | $ - | $ 1,600.00 |
| Letters |  | $ 500.00 |  |
| Postcards |  | $ 125.00 |  |
| Postage |  | $ 150.00 |  |
| Travel Expenses |  | $ 3,153.00 |  |
|  | **Total** | $ 25,000.00 | $ 5,200.00 |

2